Todd M. Friedman, Esq. (216752)
tfriedman@attorneysforconsumers.com
Suren N. Weerasuriya, Esq. (278521)
sweerasuriya@attorneysforconsumers.com
Adrian R. Bacon, Esq. (280332)
abacon@attorneysforconsumers.com
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
324 S. Beverly Drive, #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EMILY FORBES and CAROLYN PINCKNEY, individually and on behalf of all others similarly situated,** | Case No. **'15CV0528 H   WVG** |
| | **CLASS ACTION** |
| **Plaintiff,** | **CLASS ACTION COMPLAINT FOR DAMAGES** |
| vs. | **DEMAND FOR JURY TRIAL** |
| **LAW OFFICES OF MOSS GROPEN,** | |
| **Defendant.** | |

## INTRODUCTION

1. Plaintiffs, EMILY FORBES and CAROLYN PINCKNEY ("Plaintiffs"), bring this action individually and on behalf of all others similarly situated as a result of false, deceptive and unfair debt-collection practices

promulgated by Defendant, LAW OFFICES OF MOSS GROPEN ("Defendant"), in an effort to induce consumers to make payment on alleged consumer debts by intentionally failing to inform said consumers of their rights pursuant to federal law to seek validation of said alleged consumer debt; and further failing to inform said consumers of their general rights pursuant to California state law when seeking to collect the alleged debt.

2. Plaintiffs, individually and on behalf of all others similarly situated, allege that within the one (1) year preceding the filing of this Complaint, Defendant attempted to collect a consumer debt from him and other consumers by systematically preparing and sending via U.S. postal mail written collection correspondences (commonly referred to in the collection industry as "dunning letters:") which failed to advise Plaintiffs of their right to validate the alleged debt owed and failing to inform Plaintiffs of their rights pursuant to California state law when seeking to collect the alleged debt.

3. The FTC has found that nondisclosure of the fact that a consumer may validate his or her alleged debt owed harms the consumer: 1) since most consumers do not know or understand their legal rights regarding the collection of alleged debts owed under federal and California state law. Given the potential for confusion, and to avoid creating a misleading impression, the FTC recommended that a collector inform the consumer that the consumer has thirty (30) days to validate said alleged debt owed.  Further, the FTC recommended that the collector give the consumer a "mini-miranda," or in other words a statement of the consumer's rights under the federal Fair Debt Collection Practices Act.

4. Additionally, Plaintiffs, individually and on behalf of all others similarly situated, seek redress as a result of Defendant systematically preparing and delivering via U.S. postal mail, written debt collection correspondence to Plaintiff and the putative class seeking to collect on alleged debts  in which Defendant failed to inform Plaintiffs and the putative class of their rights to validate the alleged debt owed and failed to inform Plaintiffs and the putative

class of their rights under California state law when seeking to collect an alleged debt.

5. As a result, Plaintiffs bring the instant class action claims against Defendant seeking redress for themselves and the putative class under the Federal Fair Debt Collection Practices Act ("FDCPA") which was enacted to "eliminate abusive debt collection practices by debt collectors." *15 U.S.C. 1692(e)*.

## JURISDICTON AND VENUE

6. The Court has jurisdiction over Plaintiffs' and the putative class' claims pursuant to *28 U.S.C. §1331* as said claims arise under the laws of the United States of America.

7. Venue is proper in the Southern District of California pursuant to *18 U.S.C. § 1391(b)* because Defendant does business within the Southern District of California, and because Plaintiffs are a residents of San Diego, California, and within this judicial district.

## PARTIES

8. Plaintiff, Emily Forbes, ("Plaintiff Forbes") is a natural person residing in San Diego County, State of California who is obligated or allegedly obligated to pay any debt, and from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing, thereby rendering her "consumers," under the FDCPA, *15 U.S.C. §1692a(3)*.

9. Plaintiff, Carolyn Pinckney, ("Plaintiff Pinckney") is a natural person residing in San Diego County, State of California who is obligated or allegedly obligated to pay any debt, and from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing, thereby rendering her "consumers," under the FDCPA, *15 U.S.C. §1692a(3)*.

10. Defendant is a limited liability company based in San Diego, California, which regularly in its ordinary course of business utilizes instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the collection of any debts; it also regularly collects or

attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Thus, Defendant is a "debt collector," under the FDCPA, *15 U.S.C. §1692(a)6*.

11. The alleged debts that Defendant attempted to collect from Plaintiffs and the putative class are "debt(s)," under the FDCPA, *15 U.S.C. §1692a(5)*.

## FACTUAL ALLEGATIONS

12. Beginning on or about December of 2014, Defendant began communicating and/or attempting to communicate with Plaintiff seeking the collection of an allegedly delinquent and owed debt previously owed to Bella Vita Dental, but which was purchased by or otherwise assigned to Defendant.

13. The alleged debt stems from dental services rendered to Plaintiffs by Bella Vita Dental.

14. On or about December 4, 2014, Defendant prepared and caused to be mailed to Plaintiffs, a written correspondence seeking to collect the alleged debt. (See Exhibit A).

15. Said December 4, 2014 correspondence, explained to Plaintiff Forbes that she owed an alleged debt of $561.27, stemming from dental services provided to her by Bella Vita Dental.

16. Another correspondence, also dated December 4, 2014, explained to Plaintiff Pinckney that she owed an alleged debt of $838.35, stemming from dental services provided to her by Bella Vita Dental.

17. Said correspondence failed to inform Plaintiffs that the FDCPA affords Plaintiffs the opportunity to have Defendant (or any debt collector) validate the alleged debt they are seeking to collect from Plaintiffs. This provision requires Defendant (or any debt collector) to send to Plaintiffs documents verifying the alleged debt owed.

18. Additionally, the same correspondence failed to inform Plaintiffs of a statement of a consumer's rights under the California Rosenthal Fair Debt Collection Practices Act.

19. Because of the lack of information provided by Defendant, Plaintiffs, and at least the "least-sophisticated consumer," was not (and would not be) made aware of their rights under federal and California law when a debt collector is seeking to collect an alleged debt owed.

## Class Allegations

20. Plaintiffs bring this class action individually and on behalf of all others similarly situated ("the Class").

21. Plaintiffs represent, and are members of the following classes:

   a. All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendant that failed to disclose their right to validate the alleged debt owed, and failed to disclose their rights under California state law when seeking to collect an alleged debt owed;

22. As a result of Defendant's conduct, Plaintiffs and members of the putative class have been deprived of accurate information regarding their rights to validate the alleged debt owed and their rights under California law when a debt collector seeks to collect an alleged debt owed. Defendant mislead Plaintiffs and the Class into believing that no right to validate the alleged debt owed existed, as the "least-sophisticated consumer" is unlikely to know. They have also been mislead by Defendant failing to inform Plaintiffs and the Class into believing that their rights under California law were not readily available to them, or this is at least something the "least-sophisticated consumer" is unlikely to know.

23. Defendant and its employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believes the Class members number to be in the tens of thousands, if not more. Thus, this matter

should be certified as a Class action to assist in the expeditious litigation of this matter.

24. This lawsuit seeks statutory damages, actual damages, and injunctive relief for recovery of economic injury on behalf of the Class and is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

25. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class can be identified through Defendant's records or Defendant's agents' records.

26. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a. Whether, within the one (1) year preceding the filing of this Complaint, Defendant sent collection letters to debtors and consumers concerning alleged debts owed that:
      i. Failed to disclose the consumer's right to validate the alleged debt sought after by Defendant;
      ii. Failed to disclose the consumer's rights under California law when a debt collector is seeking to collect an alleged debt owed;
   b. Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violation; and

    c. Whether Defendant should be enjoined from engaging in such conduct in the future.

27. As a person that received the grossly inadequate and misleading collection letter from Defendant, Plaintiffs are asserting claims that are typical of the Class. Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interests antagonistic to any member of the Class.

28. Plaintiffs and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct, resulting in numerous debtors and consumers being misinformed about their rights under federal and California law concerning the collect of their alleged debts owed.

29. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

30. Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the FDCPA and RFDCPA.

31. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Carson to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Carson is small because the maximum statutory damages in an individual action under the FDCPA and/or RFDCPA are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

32. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**First Cause of Action: Violation of the Fair Debt Collection Practices Act**

33. Plaintiffs incorporate by reference, the preceding paragraphs of this Complaint.

34. A debt collector may not falsely represent the character, amount or legal status of any debt in connection with the collection of any debt. *15 U.S.C.* §1692e(2)(A). By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

35. A debt collector may not threaten to take any action that cannot legally be taken or that is not intended to be taken, in connection with the collection of any debt. *15 U.S.C.* §1692e(5). By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

36. A debt collector may not use false representations or deceptive means, in connection with the collection of any debt. *15 U.S.C.* §1692e(10). By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

37. A debt collector may not use unfair or unconscionable means, in connection with the collection of any debt. *15 U.S.C.* §1692f. By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

38. As a direct proximate result of Defendant's conduct, Plaintiffs and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, in addition to reasonably incurred attorney's fees and costs. 15 U.S.C. §1692k(a)(1)-(3)

**Prayer for Damages**

Wherefore, Plaintiffs respectfully request the Court grant Plaintiffs and the

Class members the following relief against Defendant:

a. That this action be certified as a class action on behalf of The Class and Plaintiffs be appointed as the representatives of The Class;

b. For statutory damages of $1,000.00 for Plaintiffs and each member of The Class pursuant to 15 U.S.C. §1692k(a)(1)

c. For actual damages according to proof;

d. For reasonable attorneys' fees and costs of suit;

e. For prejudgment interest at the legal rate; and

f. For such further relief as this Court deems necessary, just, and proper.

## Second Cause of Action: Violation of the Rosenthal Fair Debt Collection Practices Act

39. Plaintiff incorporates by reference, the preceding paragraphs of this Complaint.

40. Pursuant to §1788.17 of the RFDCPA: "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal. The references to federal codes in this section refer to those codes as they read January 1, 2001." *Cal. Civ. Code* §1788.17

41. Thus by engaging in conduct prohibited by Sections e(2)(A), e(5), e(10) and f of the FDCPA, Defendant violated the RFDCPA.

42. As a direct proximate result of Defendant's conduct, Plaintiffs and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, actual damages and reasonably incurred attorney's fees and costs. *Cal. Civ. Code* §1788.30.

## Prayer for Damages

Wherefore, Plaintiffs respectfully requests the Court grant Plaintiffs and the Class members the following relief against Defendant:

   a. That this action be certified as a class action on behalf of The Class and Plaintiffs be appointed as the representative of The Class;
   b. For statutory damages of $1,000.00 for Plaintiffs and each member of The Class pursuant to *Cal. Civ. Code* §1788.30.
   c. .For actual damages according to proof;
   d. For reasonable attorneys' fees and costs of suit;
   e. For prejudgment interest at the legal rate; and
   f. For such further relief as this Court deems necessary, just, and proper.

## Trial by Jury

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, hereby does demand a jury trial.

Dated: March 10, 2015

By:/s/Todd M. Friedman

Todd M. Friedman, Esq.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

Attorneys for Plaintiff